STATE OF MISSOURI )
) SS
CITY OF ST. LOUIS )

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI
CIRCUIT JUDGE DIVISION

DR. OBINNA NWADIBIA, )
)
Plaintiff, )
)
vs. ) Cause No. 0922-CC08871
)
REZA NAMIN, )
   Serve: 3429 N. SUMMITT AVE. )
       ST. LOUIS, MO 63117 )
)
Defendant. )

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Dr. Obinna Nwadibia, by and through his attorneys, The Bradley Law Firm, L.L.C. and for his Petition for Damages against Defendant Reza Namin states as follows to the Court:

## GENERAL ALLEGATIONS

1. Plaintiff is licensed medical doctor who is a resident of the state of Missouri.

2. Defendant Namin is a resident of the City of St. Louis, Missouri.

3. Venue is proper in the Circuit Court of the City of St. Louis because the incident which gives rise to this tort action occurred within the City of St. Louis, Missouri.

4. On October 1, 2008, Plaintiff was operating his vehicle, a 2009 Toyota Camry heading southbound on Kingshighway near the intersection of Highway 40.

5. On October 1, 2008, Defendant Namin was operating her motor vehicle, a 1999 Mercedes Benz E55, directly behind the path of the Plaintiff's vehicle on southbound Kingshighway.

6.   That the Defendant Namin operated her vehicle in such a way so as to crash into the rear of Plaintiff's vehicle.

## COUNT I-NEGLIGENCE

7.   Plaintiff reincorporates and realleges paragraphs 1 through 6 as if fully set forth herein.

8.   That the Defendant Namin owed Plaintiff a duty to operate her vehicle with the highest degree of care yet failed to do so and was therefore negligent, reckless and careless in the following respects:

   a. Defendant failed to keep a careful lookout;
   b. Defendant drove at an excessive speed;
   c. Defendant failed to stop, swerve or slacken speed or sound a warning;
   d. Defendant failed to yield the right-of-way;
   e. Defendant was following Plaintiff too closely;
   f. Defendant came into collision with the rear of Plaintiff's vehicle, making her presumably negligence under the rear end collision doctrine; and
   g. Defendant was utilizing a cellular telephone at the time of the collision and was distracted from such use.

9.   As a direct and proximate cause of Defendant's negligence, Plaintiff has suffered and will continue to suffer from great bodily injury as well as pain and suffering to his back from broad based disc protrusions at L3-4 and L4-5 and has incurred medical bills to date for treatment for these injuries, and will continue to incur medical bills in the future for additional treatment for said injuries.

10.   Plaintiff has incurred lost wages and was unable to carry on his duties for some time and will in all likelihood be unable to carry out his regular duties at times in the future while undergoing additional treatment and recovery for the injuries sustained herein.

**WHEREFORE,** Plaintiff prays for this Court to enter judgment for the Plaintiff in such amount as is fair and reasonable in excess of $25,000.00, for his costs herein expended, pre-

judgment interest pursuant to Missouri statute, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II-NEGLIGENCE *PER SE*

11. Plaintiff reincorporates and realleges paragraphs 1 through 10 as though fully set forth herein.

12. That Defendant Namin was negligent *per se* in that she failed to keep a proper distance between her vehicle and the vehicle being operated by the Plaintiff in violation of RSMo.§ 304.017.

13. As a direct and proximate cause of Defendant's negligence, Plaintiff has suffered and will continue to suffer from great bodily injury as well as pain and suffering to his back from broad based disc protrusions at L3-4 and L4-5 and has incurred medical bills to date for treatment for these injuries, and will continue to incur medical bills in the future for additional treatment for said injuries.

14. Plaintiff has incurred lost wages and was unable to carry on his duties for some time and will in all likelihood be unable to carry out his regular duties at times in the future while undergoing additional treatment and recovery for the injuries sustained herein.

WHEREFORE, Plaintiff prays the Court to enter judgment for the Plaintiff in such amount as is fair and reasonable in excess of $25,000.00 and for costs and such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

*E. Ryan Bradley* #53777
The Bradley Law Firm

Attorney for Plaintiff
130 S. Bemiston, Suite 706
Clayton, Missouri 63124
Phone: (314) 721-9111
Fax: (314) 721-9113
ryan@thebradleylawfirm.com